### PINTARD & AL. vs. DEYRIS.

APPEAL from the court of the fifth district.

The purchaser at a sale by order of the court of probates is not entitled to the action of redhibition.

3ns 32
44 420

PORTER, J. delivered the opinion of the court. The defendant, sued for the price of a negro woman, purchased by him at a probate sale of the succession of Henry Pintard, deceased, pleads, that the slave, at the time of the sale, was afflicted with redhibitory defects, which rendered her totally unfit for the purpose for which she was acquired.

The plaintiffs meet this defence, by averring, that the action of redhibition does not take place in sales made by authority of justice, and insist that the sale made in the instance before us by order of the court of probates is such a one as is contemplated by the article of our civil code, in which this matter is treated of. *C. Code*, 35, *art.* 74.

Of this opinion was the judge who tried the cause in the first instance, and such also is the conclusion we have come to.

The evidence shews, that the sale, at which the defendant purchased the slave, for the price of which he is now sued, was made in virtue *of* *a decree of the court of probates.* It comes therefore within the very letter of the law—it is a sale made *by authority of justice.*

This is sufficient, and we might conclude by saying, as we have often said, that where the law does not distinguish we could not. We think it proper, however, to notice the principal argument offered against this construction, and state the reason why it has not prevailed with us.

It was contended that the article of the code already cited, although so general in its expressions, clearly contemplated the case of forced sales, made to enforce the decrees of courts at the demand and suit of persons, other than the owners of the property; and that it was contrary to justice and equity, to apply the rule to cases where the sale was provoked by the owner, or his representatives, and made for his, or their benefit.

The justice and equity of introducing such a provision in any case may be a subject of doubt, as it exposes the purchaser to be greatly deceived in regard to the latent defects to which

PINTARD & AL.
*vs.*
DEYRIS.

property, such as that sold here is subject: and its policy too may be questioned, as purchasers at public auction will not bid with such freedom, nor give so high a price, when they do not bid with security, and are not protected against fraud. But these were considerations for the law-maker, not for this court. And were we to enter into them, we could not recognize the distinction for which the defendant contends. The absence of equity in such a defence, appears as great in the case of a forced sale, as that which was directed here. We are unable to see any good reason why a defendant in an ordinary action should have his debts paid by a diseased and defective slave sold as a sound one, and the buyer be without remedy; and yet, that at a sale made by order of the court of probates, to pay the debts of a succession, and settle the estate, the purchasers at public auction should have the right to be relieved. The equity of both appears to us equal. At all events no such difference has been shewn, as to authorise us to make the distinction contended·

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Baker* for the plaintiff, *Brent & Fennessy* for the defendant.